Appeal No. 13-20674

## UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

DARLENE ALEXANDER,

*PLAINTIFF-APPELLEE*

v.

SERVISAIR, LLC,

*DEFENDANT-APPELLANT*

On Appeal from the United States District Court for the Southern District of Texas-Houston Division Case No. 4:12-cv-00817, entered July 11, 2013

## RECORD EXCERPTS OF SERVISAIR, LLC
## DEFENDANT-APPELLANT

Terrence R. Robinson
Michelle Mishoe Miller
KENNARD BLANKENSHIP & ROBINSON, P.C.
5433 Westheimer Road, Suite 825
Houston, Texas 77056
Phone: (713) 742-0900
Email: Terrence.Robinson@kennardlaw.com
*Counsel for Servisair-Appellant*

# TABLE OF CONTENTS

*Darlene Alexander v. Servisair, LLC* (13-20674)

DOCKET SHEET…………………………………………………………….TAB 1

NOTICE OF APPEAL………………………………….……………………TAB 2

JURY VERDICT……………………………………………….……….TAB 3

CERTIFICATE OF SERVICE……………...…………………………..TAB 4

FINAL JUDGMENT…………………………………………………………TAB 5

COURT'S JURY INSTRUCTION…………………….……………………TAB 6

FINAL ORDER ON ATTORNEY'S FEES…………………………………TAB 7

JURY NOTE AND COURT'S RESPONSE.....................…………………TAB 8

TRIAL EXHIBIT - LETTER OF TERMINATION…………………………TAB 9

TRIAL EXHIBIT – SERVISAIR'S POLICIES……………………………TAB 10

TRIAL EXHIBIT – ACKNOWLEDGMENT LETTER ……………..……..TAB 11

TRIAL TRANSCRIPT EXCERPTS……………...………………………TAB 12

TAB 1

APPEAL,CLOSED,MAG

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:12-cv-00817
### Internal Use Only

Alexander v. Servisair, LLC

Assigned to: Judge Vanessa D Gilmore

Referred to: Magistrate Judge Mary Milloy

Cause: 28:451 Employment Discrimination

Date Filed: 03/16/2012

Date Terminated: 10/09/2013

Jury Demand: Both

Nature of Suit: 442 Civil Rights: Jobs

Jurisdiction: Federal Question

**Plaintiff**

**Darlene Alexander**    represented by    **Stanley P Santire**

Santire Law Firm

7500 San Felipe, Suite 900

Houston, TX 77063

713-787-0405

Fax: 832-201-8791

Email: stanley@santire.com

*ATTORNEY TO BE NOTICED*

**Steven E Petrou**

Attorney at Law

11107 McCracken Circle, Suite A

Cypress, TX 77429

281-970-8555

Fax: 281-970-8559

Email: petrou101@aol.com

*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Servisair, LLC**    represented by    **Terrence B Robinson**

Kennard Blankenship Robinson, P.C.

5433 Westheimer Road

Suite 825

Houston, TX 77056

713-742-0900

Fax: 713-742-0951

Email:

terrence.robinson@kennardlaw.com

*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Mina Madani Banerjee**

13-20674.1151

Kennard Blankenship Robinson PC
5433 Westheimer
Ste 825
Houston, TX 77056
713-742-0900
Email: mina.banerjee@kennardlaw.com

*ATTORNEY TO BE NOTICED*

**Stephen Jose Quezada**
Monty & Ramirez LLP
150 W. Parker Rd.
Third Floor
Houston, TX 77076
281-493-5529
Fax: 281-493-5983
Email:
squezada@montyramirezlaw.com
*TERMINATED: 08/30/2013*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/16/2012 | 1 | COMPLAINT against Servisair, LLC (Filing fee $ 350 receipt number 0541-9431751) filed by Darlene Alexander.(Petrou, Steven) (Entered: 03/16/2012) |
| 03/19/2012 | 2 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 6/6/2012 at 01:30 PM in Courtroom 9A before Judge Vanessa D Gilmore.(Signed by Judge Vanessa D Gilmore) (Attachments: # 1 Judge's Procedure) Parties notified.(saustin, ) (Entered: 03/19/2012) |
| 04/17/2012 | 3 | WAIVER OF SERVICE Returned Executed as to Servisair, LLC served on 3/21/2012, answer due 5/21/2012, filed.(Petrou, Steven) (Entered: 04/17/2012) |
| 04/18/2012 | 4 | CERTIFICATE OF INTERESTED PARTIES by Servisair, LLC, filed.(Robinson, Terrence) (Entered: 04/18/2012) |
| 04/18/2012 | 5 | CERTIFICATE OF INTERESTED PARTIES by Darlene Alexander, filed.(Petrou, Steven) (Entered: 04/18/2012) |
| 05/18/2012 | 6 | ANSWER to 1 Complaint with Jury Demand by Servisair, LLC, filed.(Robinson, Terrence) (Entered: 05/18/2012) |
| 06/01/2012 | 7 | NOTICE of Resetting. Parties notified. Initial Conference set for 6/26/2012 at 01:30 PM in Courtroom 9A before Judge Vanessa D Gilmore, filed. (bthomas, ) (Entered: 06/01/2012) |
| 06/22/2012 | 8 | JOINT DISCOVERY/CASE MANAGEMENT PLAN by Darlene Alexander, Servisair, LLC, filed.(Robinson, Terrence) (Entered: |

| | | 06/22/2012) |
|---|---|---|
| 06/26/2012 | | Minute Entry for proceedings held before Judge Vanessa D Gilmore. SCHEDULING CONFERENCE held on 6/26/2012. Scheduling dates entered, order to follow. Appearances: Steven Petrou; N. Williams. (Court Reporter: Johnny Sanchez), filed.(emares, ) (Entered: 06/27/2012) |
| 06/27/2012 | 9 | SCHEDULING ORDER. Trial Term: September, 2013. ETT: 3. Jury Trial. Amended Pleadings due by 8/1/2012. Joinder of Parties due by 8/1/2012 Pltf Expert Report due by 10/1/2012. Deft Expert Report due by 11/1/2012. Discovery due by 2/15/2013. Dispositive Motion Filing due by 4/1/2013. Joint Pretrial Order due by 8/26/2013. Pretrial Order due by 8/23/2013. Docket Call set for 8/30/2013 at 1:30 PM in Courtroom 9A before Judge Vanessa D Gilmore(Signed by Judge Vanessa D Gilmore) Parties notified.(emares, ) (Entered: 06/27/2012) |
| 07/03/2012 | 10 | INITIAL DISCLOSURES by Darlene Alexander, filed.(Petrou, Steven) (Entered: 07/03/2012) |
| 08/01/2012 | 11 | Unopposed MOTION to Modify Scheduling Order by Servisair, LLC, filed. Motion Docket Date 8/22/2012. (Attachments: # 1 Proposed Order)(Robinson, Terrence) (Entered: 08/01/2012) |
| 08/31/2012 | 12 | ORDER granting 11 Motion to Modify teh Schedulign Order; Adding new Parties 9/1/12.(Signed by Judge Vanessa D Gilmore) Parties notified.(emares, ) (Entered: 08/31/2012) |
| 12/07/2012 | 13 | Unopposed MOTION for Leave to File Amended Answer by Servisair, LLC, filed. Motion Docket Date 12/28/2012. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Robinson, Terrence) (Entered: 12/07/2012) |
| 12/07/2012 | 14 | ANSWER to 1 Complaint with Jury Demand by Servisair, LLC, filed. (Robinson, Terrence) (Entered: 12/07/2012) |
| 12/11/2012 | 15 | ORDER granting 13 Motion for Leave to File Amended Answer.(Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, ) (Entered: 12/11/2012) |
| 02/11/2013 | 16 | NOTICE of Change of Address by Terrence B. Robinson, counsel for Servisair, LLC, filed. (Robinson, Terrence) (Entered: 02/11/2013) |
| 02/11/2013 | 17 | NOTICE of Appearance by Stephen J. Quezada on behalf of Servisair, LLC, filed. (Quezada, Stephen) (Entered: 02/11/2013) |
| 03/21/2013 | 18 | Supplemental INITIAL DISCLOSURES by Darlene Alexander, filed. (Petrou, Steven) (Entered: 03/21/2013) |
| 04/01/2013 | 19 | MOTION for Summary Judgment by Servisair, LLC, filed. Motion Docket Date 4/22/2013. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Proposed Order) (Robinson, Terrence) (Entered: 04/01/2013) |
| | | |

13-20674.1153

| 04/19/2013 | 20 | RESPONSE in Opposition to 19 MOTION for Summary Judgment, filed by Darlene Alexander. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 3a, # 5 Exhibit 3b, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 6a, # 10 Exhibit 6b, # 11 Exhibit 7, # 12 Exhibit 8, # 13 Exhibit 9, # 14 Exhibit 10, # 15 Exhibit 11, # 16 Exhibit 12, # 17 Exhibit 13, # 18 Exhibit 14, # 19 Proposed Order)(Petrou, Steven) (Entered: 04/19/2013) |
| --- | --- | --- |
| 05/03/2013 | 21 | ORDER REFERRING CASE to Magistrate Judge Mary Milloy (Signed by Judge Vanessa D Gilmore) Parties notified.(kpicota, ) (Entered: 05/03/2013) |
| 07/18/2013 | 22 | MEMORANDUM AND RECOMMENDATIONS. It is recommended that 19 Defendant's MOTION for Summary Judgment, be DENIED. Objections to M&R due by 8/1/2013(Signed by Magistrate Judge Mary Milloy) Parties notified.(cjan, ) (Entered: 07/18/2013) |
| 08/01/2013 | 23 | OBJECTIONS to 22 Memorandum and Recommendations, filed by Servisair, LLC. (Robinson, Terrence) (Entered: 08/01/2013) |
| 08/26/2013 | 24 | MEMORANDUM of Law *(exhibit to Joint Pretrial Order)* by Servisair, LLC, filed.(Robinson, Terrence) (Entered: 08/26/2013) |
| 08/26/2013 | 25 | Joint Proposed Pretrial Order by Darlene Alexander, filed. (Attachments: # 1 Exhibit Plaintiff's Exhibit List, # 2 Exhibit Defendant's Exhibit List, # 3 Exhibit Plaintiff's Witness List, # 4 Exhibit Defendant's Witness List, # 5 Exhibit Plaintiff's Voir Dire Questions, # 6 Exhibit Defendant's Voir Dire Questions, # 7 Exhibit Defendant's Juror Questionaire, # 8 Exhibit Plaintiff's Proposed Jury Instructions and Interrogatories, # 9 Exhibit Defendant's Proposed Jury Charge, # 10 Exhibit Plaintiff's Motion in Limine, # 11 Proposed Order Plaintiff's Proposed Order in Limine, # 12 Exhibit Defendant's Motion in Limine, # 13 Proposed Order Defendant's Proposed Order in Limine)(Petrou, Steven) (Entered: 08/26/2013) |
| 08/27/2013 | 26 | ORDER ADOPTING MEMORANDUM AND RECOMMENDATIONS re: 22 Memorandum and Recommendations denying 19 MOTION for Summary Judgment. (Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas) (Main Document 26 replaced on 8/28/2013) (bthomas, ). (Entered: 08/28/2013) |
| 08/27/2013 | 27 | ORDER IN LIMINE granting Plaintiff's Motion in Limine.(Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas) (Entered: 08/28/2013) |
| 08/28/2013 | 28 | ORDER granting and need more information on Defendant's Motion in Limine. (Signed by Judge Vanessa D Gilmore) Parties notified. (bthomas) (Entered: 08/28/2013) |
| 08/28/2013 | 29 | MOTION for Stephen J. Quezada to Withdraw as AttorneyMotions referred to Mary Milloy. by Servisair, LLC, filed. Motion Docket Date 9/18/2013. (Attachments: # 1 Proposed Order)(Robinson, Terrence) (Entered: 08/28/2013) |

| 08/28/2013 | 30 | MOTION for Mina Madani Banerjee to Appear as AttorneyMotions referred to Mary Milloy. by Servisair, LLC, filed. Motion Docket Date 9/18/2013. (Robinson, Terrence) (Entered: 08/28/2013) |
|---|---|---|
| 08/28/2013 | 31 | NOTICE of Appearance by Mina Madani Banerjee on behalf of Servisair, LLC, filed. (Robinson, Terrence) (Entered: 08/28/2013) |
| 08/28/2013 | 32 | NOTICE OF APPEARANCE of Stanley P. Santire to Appear as Attorney for Plaintiff. Motions referred to Mary Milloy. by Darlene Alexander, filed. Motion Docket Date 9/18/2013. (Santire, Stanley). (Entered: 08/28/2013) |
| 08/30/2013 | | Minute Entry for proceedings held before Judge Vanessa D Gilmore. DOCKET CALL held on 8/30/2013. The parties have indicated that Mediation will take place on 9/5/2013 before Douglas Wilson. The Court sets the following deadlines: Parties to exchange exhibits by 9/4/2013. Objections are due by 9/6/2013. The proposed charge to be submitted by 9/9/2013. Jury Trial set for 9/11/2013 at 09:00 AM in Courtroom 9A before Judge Vanessa D Gilmore. Appearances: Steven E Petrou, Stanley P Santire, Terrence B Robinson, Cecilia Tran. (Court Reporter: F. Warner), filed.(bthomas) (Entered: 08/30/2013) |
| 08/30/2013 | 33 | ORDER granting 29 Motion to Withdraw as Attorney. Attorney Stephen Jose Quezada terminated.(Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas) (Entered: 08/30/2013) |
| 09/06/2013 | 34 | Amended Exhibit List by Servisair, LLC, filed.(Robinson, Terrence) (Entered: 09/06/2013) |
| 09/06/2013 | 35 | Amended Exhibit List by Darlene Alexander, filed.(Petrou, Steven) (Entered: 09/06/2013) |
| 09/06/2013 | 36 | OBJECTIONS *to Defendant's Exhibits*, filed by Darlene Alexander. (Petrou, Steven) (Entered: 09/06/2013) |
| 09/06/2013 | 37 | Agreed Exhibit List by Darlene Alexander, filed.(Petrou, Steven) (Entered: 09/06/2013) |
| 09/09/2013 | 38 | OBJECTIONS *To Defendant's Deposition Excerpts of Sherysse Morris Deposition*, filed by Darlene Alexander. (Attachments: # 1 Exhibit Deposition Transcript, # 2 Proposed Order)(Petrou, Steven) (Entered: 09/09/2013) |
| 09/09/2013 | 39 | Amended Witness List by Servisair, LLC, filed.(Robinson, Terrence) (Entered: 09/09/2013) |
| 09/09/2013 | 40 | OBJECTIONS *to Plaintiff's Deposition Designations of Sherysse Morris*, filed by Servisair, LLC. (Attachments: # 1 Exhibit Deposition Exhibit, # 2 Proposed Order)(Robinson, Terrence) (Entered: 09/09/2013) |
| 09/09/2013 | 41 | Proposed Jury Charge by Servisair, LLC, filed.(Robinson, Terrence) (Entered: 09/09/2013) |
| 09/10/2013 | 42 | Amended Exhibit List by Servisair, LLC, filed.(Robinson, Terrence) |

| | | (Entered: 09/10/2013) |
|---|---|---|
| 09/10/2013 | 43 | ORDER granting and denying 36 Plaintiff's Objections to Defendant's Trial Exhibits. (Signed by Judge Vanessa D Gilmore) Parties notified. (bthomas, 4) (Entered: 09/10/2013) |
| 09/10/2013 | 44 | ORDER granting and overruling 38 Plaintiff's Objections to Deposition of Sherysse Morros. (Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Entered: 09/10/2013) |
| 09/10/2013 | 45 | ORDER granting and denying 40 Objections to Plaintiff's Deposition Designations of Sherysse Morris. (Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Entered: 09/10/2013) |
| 09/10/2013 | 46 | Amended Exhibit List by Servisair, LLC, filed.(Robinson, Terrence) (Entered: 09/10/2013) |
| 09/10/2013 | 47 | Amended Witness List by Servisair, LLC, filed.(Robinson, Terrence) (Entered: 09/10/2013) |
| 09/10/2013 | 48 | Amended MEMORANDUM *of Law* by Servisair, LLC, filed.(Robinson, Terrence) (Entered: 09/10/2013) |
| 09/10/2013 | 49 | Alternative Dispute Resolution Memorandum; case Not Settled, filed. (mmapps, 4) (Entered: 09/11/2013) |
| 09/11/2013 | 50 | Alternative Dispute Resolution Questionnaire mailed to all parties of record, filed. (dmullinax, 4) (Entered: 09/11/2013) |
| 09/11/2013 | | Minute Entry for proceedings held before Judge Vanessa D Gilmore. First day of JURY TRIAL held on 9/11/2013. Preliminary matters taken up. Rulings as stated on the record. Plaintiff's exhibits 1-18 & Defendent's exhibits 1-24 admitted. Voir Dire completed. Jury of seven (7) selected and sworn. Opening statements. Testimony begins. Witness sworn: Darlene Alexander. Jury Trial continued for 9/12/2013 at 09:00 AM in Courtroom 9A before Judge Vanessa D Gilmore. Appearances: Steven E Petrou, Stanley P Santire, Terrence B Robinson, Mina Madani Banerjee, Nathaniel Higgins.(Court Reporter: K. Metzger), filed. (bthomas, 4). (Entered: 09/12/2013) |
| 09/12/2013 | 51 | Deposition designation of Sherysse Morris on CD by Servisair, LLC, filed. (forwarded to fileroom). (bthomas, 4) (Entered: 09/12/2013) |
| 09/12/2013 | | Minute Entry for proceedings held before Judge Vanessa D Gilmore. Second day of JURY TRIAL held on 9/12/2013. Plaintiff rests. Defendant's case begins. Deposition testimony of Sherysse Morris. Witness sworn: Irene Acevedo, Sandra Rayo. Defendant rests. Jury Trial continued for 9/13/2013 at 09:00 AM in Courtroom 9A before Judge Vanessa D Gilmore. Appearances: Steven E Petrou, Stanley P Santire, Terrence B Robinson, Mina Madani Banerjee, Nathaniel Higgins. (Court Reporter: K. Metzger), filed.(bthomas, 4). (Entered: 09/12/2013) |
| 09/12/2013 | 52 | Certification of Trial Exhibits, filed.(bthomas, 4) (Entered: 09/16/2013) |
| | | |

| 09/13/2013 | | Minute Entry for proceedings held before Judge Vanessa D Gilmore. Third day of JURY TRIAL held on 9/13/2013. Closing arguments. Jury Charge read to the jury. Jury Note 1 & 2 received. Verdict reached. Appearances: Steven E Petrou, Stanley P Santire, Terrence B Robinson, Mina Madani Banerjee, Nathaniel Higgins.(Court Reporter: K. Metzger), filed.(bthomas, 4) (Entered: 09/16/2013) |
|---|---|---|
| 09/13/2013 | 53 | Plaintiff's Second Amended Exhibit List by Darlene Alexander, filed. (bthomas, 4) (Entered: 09/16/2013) |
| 09/13/2013 | 54 | Defendant's Third Amended Exhibit List by Servisair, LLC, filed. (bthomas, 4) (Entered: 09/16/2013) |
| 09/13/2013 | 55 | Jury Charge, filed.(bthomas, 4) (Entered: 09/16/2013) |
| 09/13/2013 | 🔒 56 | Jury Note No. 1, filed.(bthomas, 4) (Additional attachment(s) added on 9/16/2013: # 1 unredacted) (bthomas, 4). (Entered: 09/16/2013) |
| 09/13/2013 | 57 | Court's Response to Jury Note No. 1, filed.(bthomas, 4) (Entered: 09/16/2013) |
| 09/13/2013 | 🔒 58 | Jury Note No. 2, filed.(bthomas, 4) (Additional attachment(s) added on 9/16/2013: # 1 unredacted) (bthomas, 4). (Entered: 09/16/2013) |
| 09/13/2013 | 🔒 59 | JURY VERDICT, filed.(bthomas, 4) (Additional attachment(s) added on 9/16/2013: # 1 unredacted) (bthomas, 4). (Entered: 09/16/2013) |
| 09/13/2013 | 60 | ORDER. The parties shall withdraw from the Clerk the evidence and shall maintain it for purposes of appeal. (Signed by Judge Vanessa D. Gilmore) filed.(bthomas, 4) (Entered: 09/16/2013) |
| 09/20/2013 | 61 | POST-TRIAL BRIEF *TO CONFORM DAMAGES TO THE EVIDENCE AND TO ENTER JUDGMENT* by Darlene Alexander, filed. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Proposed Order)(Petrou, Steven) (Entered: 09/20/2013) |
| 09/20/2013 | 62 | MOTION for *Conforming damages and to enter* Judgment by Darlene Alexander, filed. Motion Docket Date 10/11/2013. (Attachments: # 1 Proposed Order)(Petrou, Steven) (Entered: 09/20/2013) |
| 09/25/2013 | 63 | RESPONSE to 62 MOTION for *Conforming damages and to enter* Judgment filed by Servisair, LLC. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Robinson, Terrence) (Entered: 09/25/2013) |
| 09/27/2013 | 64 | POST-TRIAL BRIEF *Supplemental Post Trial Motion to add Application for Attorney Fees and Costs* by Darlene Alexander, filed. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Proposed Order) (Petrou, Steven) (Entered: 09/27/2013) |
| 10/02/2013 | 65 | RESPONSE to 64 Post-Trial Brief, *Supplemental Post Trial Motion to add Application for Attorney Fees and Costs*, filed by Servisair, LLC. (Attachments: # 1 Proposed Order)(Robinson, Terrence) (Entered: |

DC CM/ECF LIVE - US District Court:txsd Case: 13-20674 Document: 00512622488 Page: 11 Date Filed: 05/07/2014 Page 11 of 8

Case 4:12-cv-00817 Document 70 Filed in TXSD on 11/08/13 Page 26 of 26

| | | 10/02/2013) |
|---|---|---|
| 10/03/2013 | 66 | POST-TRIAL BRIEF *REPLY TO DEFENDANT'S OPPOSITION TO ATTORNEY'S FEES AND/OR MOTION FOR LEAVE TO FILE SUPPLEMENTAL APPLICATION FOR ATTORNEY'S FEES* by Darlene Alexander, filed. (Attachments: # 1 Exhibit, # 2 Proposed Order)(Petrou, Steven) (Entered: 10/03/2013) |
| 10/09/2013 | 67 | ORDER granting 64 Plaintiff's Supplemental Post Trial Motion to add Application for Attorney Fees and Costs. (Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Entered: 10/09/2013) |
| 10/09/2013 | 68 | FINAL JUDGMENT. Case terminated on 10/9/2013. (Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Entered: 10/09/2013) |
| 11/06/2013 | 69 | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 68 Final Judgment by Servisair, LLC (Filing fee $ 455, receipt number 0541-12326497), filed.(Robinson, Terrence) (Entered: 11/06/2013) |

13-20674.1158

TAB 2

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **DARLENE ALEXANDER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO: 4:12-cv-00817** |
| | § | |
| **SERVISAIR, LLC,** | § | |
| | § | |
| **Defendant** | § | |

## DEFENDANT SERVISAIR'S NOTICE OF APPEAL

Notice is hereby given that Defendant, Servisair, LLC, in the above named case, hereby appeals to the U.S. Court of Appeals for the Fifth Circuit from the final judgment entered in this action on October 9, 2013.

Respectfully Submitted,



   _/s/ Terrence B. Robinson____
**Terrence B. Robinson**
Texas Bar No.: 17112900
Southern District Bar No.: 14218
5433 Westheimer, Suite 825
Houston Texas 77056
Main: 713.742.0900
Fax: 713.742.0951
terrence.robinson@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR DEFENDANT**

13-20674.1130

**OF COUNSEL FOR DEFENDANT:**

**Mina Madani Banerjee**
Texas Bar No.: 24070195
Southern District Bar No.: 1055703
5433 Westheimer, Suite 825
Houston Texas 77056
Main: 713.742.0900
Fax: 713.742.0951
Mina.Banerjee@kennardlaw.com

13-20674.1131

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 6, 2013, I electronically filed the foregoing document with the Clerk of the Court for the Southern District of Texas, Houston Division, by using the CM/ECF system which will send notification of such filing to all CM/ECF participants and counsel of record.

<u>/s/ Terrence Robinson</u>

Terrence B. Robinson

13-20674.1132

TAB 3

## QUESTION NO. 1

Do you find by a preponderance of the evidence that Defendant denied, restrained, or interfered with Plaintiff's right to leave under the FMLA, or her attempt to exercise her right to leave under the FMLA?

Answer "Yes" or "No."

__YES__

Please proceed to Question No. 2.

14

## QUESTION NO. 2

Do you find by a preponderance of the evidence that Defendant discharged Plaintiff because Plaintiff requested or took leave under the FMLA or sought restoration of her position after taking FMLA leave?

Answer "Yes" or "No."

 NO

If you answered "Yes" to either Question No. 1 or Question No. 2, or both, please proceed to Question No. 3. If you answered "No" to both Question No. 1 and Question No. 2, please proceed to Question No. 5.

13-20674.973

**QUESTION NO. 3**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for the damages, if any, you have found Defendant caused Plaintiff under the FMLA?

Answer in dollars and cents for the following items and none other: wages, salary, employment benefits, or other compensation denied or lost:

$1.00

If you awarded Plaintiff a sum of money in Question No. 3, please proceed to Question No. 4. If you answered "$0," please proceed to Question No. 5.

13-20674.974

**QUESTION NO. 4**

Do you find by a preponderance of the evidence that Defendant lacked good faith in its dealings with Plaintiff on the FMLA?

Answer "Yes" or "No."

_YES_

Please proceed to Question No. 5.

17

13-20674.975

**QUESTION NO. 5**

Do you find from a preponderance of the evidence that Plaintiff worked more than forty hours in at least one single workweek between November 15, 2010 and May 17, 2011?

Answer "Yes" or "No."

_____YES_____

If you answered "Yes" to Question No. 5, please proceed to Question No. 6. If you answered "No" to Question No. 5, do not answer any more questions. Please sign and date the Certificate and return it to the Court.

18

## QUESTION NO. 6

Do you find from a preponderance of the evidence that Defendant established that Plaintiff is exempt from the overtime pay law under the administrative employee exemption to the FLSA?

Answer "Yes" or "No."

_____ YES _____

If you answered "No" to Question No. 6, then answer Question No. 7. If you answered "Yes" to Question No. 6, do not answer any more questions. Please sign and date the Certificate and return it to the Court.

19

## QUESTION NO. 7

What amount of damages should Plaintiff be awarded for overtime hours worked between November 15, 2010 and May 17, 2011 under the FLSA?

Answer in dollars and cents:

_____

Please sign and date the Certificate and return it to the Court.

13-20674.978

### CERTIFICATE

We the jury have made the above findings, as indicated, and herewith return same into Court as our verdict.

**SIGNED** this the ___13th___ day of September, 2013, at Houston, Texas.



**JURY FOREPERSON**

21

13-20674.979

TAB 4

## <u>CERTIFICATE OF SERVICE</u>

*Darlene Alexander v. Servisair, LLC* (13-20674)

The undersigned certifies that a true and correct copy of *Appellant's Record Excerpts*, has been forwarded to counsel of record for Darlene Alexander, electronically and served via the Court's electronic filing system on this 7th day of May, 2014.:

Steven Petrou
Attorney at Law
11107 McCracken Circle, Suite A
Houston, Texas 77429
Counsel for the Darlene Alexander-Appellee



_____
Michelle Mishoe Miller

TAB 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DARLENE ALEXANDER** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| versus | § | **CIVIL ACTION NO. H-12-817** |
| | § | |
| **SERVISAIR, LLC,** | § | |
| | § | |
| *Defendant.* | § | |

## FINAL JUDGMENT

Pending before the Court is the Plaintiff's Post Trial Motion to Conform Damages to the Evidence and to Enter Judgment (**Instrument No. 62**).

### I.

On the 11th of September, 2013, the above-styled and numbered case came on for trial. Both sides appeared and announced ready for trial, and the case was tried to a jury, one having been timely requested. The case was submitted to the jury on September 13, 2013. The jury questions and answers were as follows:

### QUESTION NO. 1

Do you find by a preponderance of the evidence that Defendant denied, restrained, or interfered with Plaintiff's right to leave under the FMLA, or her attempt to exercise her right to leave under the FMLA?

Answer "Yes" or "No."

_____YES_____

Please proceed to Question No. 2.

## QUESTION NO. 2

Do you find by a preponderance of the evidence that Defendant discharged Plaintiff because Plaintiff requested or took leave under the FMLA or sought restoration of her position after taking FMLA leave?

Answer "Yes" or "No."

_____NO_____

If you answered "Yes" to either Question No. 1 or Question No. 2, or both, please proceed to Question No. 3. If you answered "No" to both Question No. 1 and Question No. 2, please proceed to Question No. 5.

## QUESTION NO. 3

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for the damages, if any, you have found Defendant caused Plaintiff under the FMLA?

Answer in dollars and cents for the following items and none other: wages, salary, employment benefits, or other compensation denied or lost:

_____$1.00_____

If you awarded Plaintiff a sum of money in Question No. 3, please proceed to Question No. 4. If you answered "$0," please proceed to Question No. 5.

## QUESTION NO. 4

Do you find by a preponderance of the evidence that Defendant lacked good faith in its dealings with Plaintiff on the FMLA?

Answer "Yes" or "No."

_____YES_____

Please proceed to Question No. 5.

2

## QUESTION NO. 5

Do you find from a preponderance of the evidence that Plaintiff worked more than forty hours in at least one single workweek between November 15, 2010 and May 17, 2011?

Answer "Yes" or "No."

_____YES_____

If you answered "Yes" to Question No. 5, please proceed to Question No. 6. If you answered "No" to Question No. 5, do not answer any more questions. Please sign and date the Certificate and return it to the Court.

## QUESTION NO. 6

Do you find from a preponderance of the evidence that Defendant established that Plaintiff is exempt from the overtime pay law under the administrative employee exemption to the FLSA?

Answer "Yes" or "No."

_____YES_____

If you answered "No" to Question No. 6, then answer Question No. 7. If you answered "Yes" to Question No. 6, do not answer any more questions. Please sign and date the Certificate and return it to the Court.

## QUESTION NO. 7

What amount of damages should Plaintiff be awarded for overtime hours worked between November 15, 2010 and May 17, 2011 under the FLSA?

Answer in dollars and cents:

___[NO RESPONSE]_____

13-20674.1121

## II.

Plaintiff has filed a Post Trial Motion to Conform Damages to the Evidence and for Entry of Judgment. Although the jury awarded Plaintiff $1.00 in damages based on Defendant's violation of the FMLA, Plaintiff claims that no evidence supports the jury's finding. She claims that the undisputed evidence at trial shows that Plaintiff's lost wages total $37,004.00. (Instrument No. 62 at 4). Additionally, because the jury found that Defendant lacked good faith in its dealings with Plaintiff on the FMLA, Plaintiff requests a liquidated damages award doubling Plaintiff's undisputed lost wages. (Instrument No. 62 at 5-6). Plaintiff therefore seeks judgment in the amount of $74,008.00. (Instrument No. 62 at 6). Defendant has filed a response, arguing that the jury's damages award is entitled to considerable deference and should be upheld. (Instrument No. 63 at 1-2). Defendant also argues that, because the jury did not find that Plaintiff was terminated in retaliation for taking FMLA leave, she is not entitled to damages under the FMLA because her termination was not related to her FMLA leave. (Instrument No. 63 at 5-8).

Plaintiff argues that the undisputed testimony and evidence at trial demonstrated that her salary was $53,000 a year when she was terminated by Defendant on May 17, 2011. (Instrument No. 62 at 2; Instrument No. 61-1 at 3; Instrument No. 61-3 at 1). Plaintiff testified, and Defendant did not dispute, that she was unable to find another full-time job until June 15 or 16, 2012, almost thirteen months after her termination. Plaintiff testified that, had she not been terminated by Defendant, she would have earned $57,416.66 over this thirteen-month period. Plaintiff further testified that, prior to finding a full-time job in June 2013, she earned $1,034.00 in 2011 and $19,378.00 in 2012 from the Robert Half Agency. Subtracting her interim wages from the

4

$57,416.00 she would have earned if she had not been terminated by Defendant, she testified that her lost wages totaled $37,004.60.

Defendant presented no evidence about Plaintiff's damages and did not question Plaintiff or any other witness about her damages. When the Court inquired at the Charging Conference whether Defendant sought a jury instruction on Plaintiff's failure to mitigate her damages, Defendant admitted that it had presented no evidence on the issue and did not object to the Court removing the instruction from the jury charge.

The jury received the following instructions on damages:

> If you find that Defendant violated the FMLA, then you must determine whether Defendant has caused Plaintiff damages and, if so, you must determine the amount, if any, of those damages. Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Plaintiff need not prove the amount of her losses with mathematical precision, but only with as much certainty and accuracy as the circumstances permit.

> You should consider the following elements of damages under the FMLA, and no others: any wages, salary, employment benefits, or other compensation denied or lost because of Defendant's violation of the FMLA. Wages, salary, and benefits include the amounts the evidence shows Plaintiff would have earned had she remained an employee of Defendant, and includes fringe benefits such as life and health insurance, stock options, contributions to retirement, etc., minus the amounts of earnings and benefits, if any, that is proved by a preponderance of the evidence that Plaintiff received in the interim.

(Instrument No. 56 at 9-10).

Trial courts may grant a new trial when the verdict is "against the weight of the evidence." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 433 (1996) (quotation marks and citation omitted). "Implicit in the court's new-trial power is the prerogative, when damages are too great, to instead secure agreement from the 'plaintiff to remit excessive damages.'" *Roman v. W. Mfg., Inc.*,

5

691 F.3d 686, 701 (5th Cir. 2012) (quoting *Dimick v. Schiedt*, 293 U.S. 474 (1935).The Supreme Court has generally held that reducing damages, known as "remittur[,] withstands Seventh Amendment attack," while the opposite, known as "additur, [is] unconstitutional." *Gasperini*, 518 U.S. at 433.

Despite this general rule, the Fifth Circuit has held that "[t]he constitutional rule against additur is not violated in a case where the jury ha[s] properly determined liability and there is no valid dispute as to the amount of damages. In such a case the court is in effect simply granting summary judgment on the question of damages." *Moreau v. Oppenheim*, 663 F.2d 1300, 1311 (5th Cir. 1981) (quotation marks and citation omitted). "[W]hen the amount of damages is not disputed and a party is entitled to damages under the verdict as a matter of law . . . '[i]t would be a mere formality to order a partial new trial limited to the issue of damages when the court could immediately thereafter grant summary judgment for the undisputed amount.'" *Taylor v. Green*, 868 F.2d 162, 165 (5th Cir.1989) (quoting 6A J. Moore's Federal Practice ¶ 59.08[8] (2d ed. 1987)).

In *E.E.O.C. v. Massey Yardley Chrysler Plymouth, Inc.*, 117 F.3d 1244, 1252 (11th Cir. 1997), the Eleventh Circuit held that a district court can increase a jury's back pay award in a discrimination case. In *Massey Yardley*, an age discrimination case, the jury awarded the equivalent of only six months of back pay, although "nothing in the record indicates the occurrence of some event that would justify cutting off back pay after six months." *Id.* The Eleventh Circuit held that the district court erred in refusing to increase the plaintiff's back wages to the amount shown by the uncontroverted evidence because "the jury has found the underlying liability and there is no genuine issue as to the correct amount of damages." *Id.* (citing *Moreau*, 663 F.2d at 1311).

The Fifth Circuit has cited *Massey Yardley* affirmatively, recognizing that its general "principle is firmly recognized across the circuits." *Roman*, 691 F.3d at 702, 702 n.10. In *Roman*, a products liability case, the Fifth Circuit affirmed the district court's decision to amend the jury award for past medical expenses from $15,000 to $168,804.22, the total of the plaintiff's medical treatments. *Id.* at 701. At trial, the undisputed testimony from the plaintiff's doctors showed that the plaintiff's treatment was medically necessary and related to the case. *Id.* The Fifth Circuit held that the district court correctly "found that the jury had no valid basis in evidence" for the lower sum because the defendant never disputed the plaintiff's treatment or its value. *Id.*

Under the rule established in *Taylor v. Green* and applied in *Roman*, Plaintiff is entitled to the damages she seeks if she establishes that: (1) she is entitled to damages under the verdict as a matter of law; and (2) the amount of damages is not disputed. *Taylor*, 868 F.2d at 165; *Roman*, 691 F.3d at 701-02. Here, the jury found by a preponderance of the evidence that Defendant interfered with Plaintiff's right to leave under the FMLA pursuant to 29 U.S.C. § 2615(a). (Instrument No. 58 at 2). Based on this finding, the jury was instructed to award Plaintiff the "[w]ages, salary, and . . . Plaintiff would have earned had she remained an employee of Defendant, . . . minus the amounts of earnings and benefits, if any, that is proved by a preponderance of the evidence that Plaintiff received in the interim." (Instrument No. 56 at 10; Instrument No. 59 at 4). Damages under the FMLA are not discretionary; rather, "[a]ny employer who violates section 2615 of this title shall be liable to any eligible employee affected for damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation." 29 U.S.C. § 2617(a)(1). However, instead of awarding Plaintiff her lost wages, which the undisputed

7

evidence demonstrated was $37,004.00, the jury awarded only $1.00. Plaintiff clearly meets the requirements of *Taylor*. Accordingly, the Court awards Plaintiff $37,004.00 as back wages.

None of Defendant's arguments contained in its response require a contrary result. Defendant claims that, because the jury did not find for Plaintiff on her FMLA retaliation claim, the jury must have found that Defendant did not cause Plaintiff's damages. (Instrument No. 63 at 4-8). However, this argument incorrectly prioritizes Plaintiff's retaliation claim over her interference claim and fails to recognize that the jury was required to award Plaintiff her uncontested lost wages as damages if the jury found for Plaintiff on either claim. *See* (Instrument No. 59 at 2, "If you answered "Yes" to either Question No. 1 [Interference] or Question No. 2 [Retaliation], *or both*, please proceed to Question No. 3 [Damages] (emphasis and description added)).

Defendant cites a Louisiana district court decision to claim that "to avoid liability for damages under the FMLA, [the d]efendant was only required to show that [the p]laintiff was not terminated *because of* h[er] exercise of FMLA rights." *Johnson v. City of Monroe*, CIV.A. 06-0635, 2007 WL 2479658 *2 (W.D. La. Aug. 28, 2007) (emphasis in original). The court in *Johnson* held that the plaintiff was not entitled to damages. *Id.* In *Johnson*, however, the plaintiff only brought suit for retaliation, and the jury specifically found that the defendant would have fired the plaintiff regardless of his exercise of FMLA rights. *Id.* at *1. In other words, the plaintiff in *Johnson* did not have an independent statutory ground for damages, like Plaintiff's interference claim provides here.

Defendant also argues that Plaintiff is not entitled to damages here because she "did not convince the jury that [Defendant] caused her to suffer unemployment because she was on FMLA leave." (Instrument No. 63 at 8). Rather, Defendant claims, the jury "determined that Plaintiff did not sustain damages resulting from [Defendant's] termination of her employment for job

8

abandonment." (Instrument No. 63 at 8). However, Defendant's argument again demonstrates Defendant's prioritization of the retaliation claim and resembles the argument rejected by the Fifth Circuit in *Nero*. There, the plaintiff argued that his termination while he was on FMLA leave constituted an unlawful interference with his right to reinstatement. *Nero*, 167 F.3d at 927. Although the defendant argued that the plaintiff could not recover because there was no evidence of intent, this represented "a misunderstanding of Nero's claim." *Id.* at 926-27. "Nero argued repeatedly and clarified at trial that he is 'not saying he got fired because of taking the leave.' Rather, Nero argued consistently throughout trial that 'the crux of the claim [is that] he wasn't restored' to his job." *Id.* at 927. The Fifth Circuit held: "Because the issue is the right to an entitlement, the employee *is due the benefit if the statutory requirements are satisfied,* regardless of the intent of the employer." *Id.* (emphasis added) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 159–60 (1st Cir. 1998)).

Of course, *Nero* differs from the present case because Plaintiff did claim, in part, that Defendant terminated her because she took FMLA leave. However, she also brought an interference claim. The jury instructions stated, "Alexander alleges that she was terminated while she was taking medical leave, ... in violation of the [FMLA]." (Instrument No. 55 at 3). On this claim, the jury not only found in her favor but also found that Defendant had not acted in good faith. The jury's failure to find that Defendant terminated her *because* she took FMLA leave does not vitiate the jury's finding that Plaintiff was terminated *while* she was taking medical leave in violation of the law, as Defendant claims. As in *Nero*, Plaintiff is due the benefit of the FMLA entitlement because the jury found Defendant violated her rights. *See id.*

Furthermore, the jury found that Defendant lacked good faith in its dealings with Plaintiff on the FMLA. (Instrument No. 59 at 5). The FMLA provides that a court shall award liquidated

9

damages equal to the actual damages due to lost compensation plus interest. *See* 29 U.S.C. § 2617(a)(iii). If an employer proves that it acted "in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of [the FMLA]," then a court may reduce the liquidated damages. *Id.* "Doubling of an award is the norm under the FMLA, because a plaintiff is awarded liquidated damages in addition to compensation lost." *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999). There is a strong presumption under the statute in favor of doubling. *Id.* (quoting *Shea v. Galaxie Lumber & Constr. Co., Ltd.*, 152 F.3d 729, 733 (7th Cir.1998) (discussing FLSA liquidated damages provision).

The Court finds that ample evidence exists in the record to support the jury's verdict that Defendant lacked good faith in its dealings with Plaintiff regarding the FMLA.

Accordingly, the Court awards Plaintiff an additional $37,004.00 as liquidated damages, for a total award of $74,008.00, plus interest.

## III.

Plaintiff also seeks an award of attorney's fees and costs, which the Court has addressed in a separate Order.

## IV.

Based on the verdict of the jury, the Court's above order on Plaintiff's Post Trial Motion to Conform Damages to the Evidence, and the Court's Order on attorney's fees and costs, the Court **ENTERS** the following judgment:

Judgment is **GRANTED** in favor of Plaintiff Darlene Alexander as follows:

(1) $37,004.00, as lost wages;

(2) $37,004.00, as liquidated damages;

10

(3) $91,728.75, as attorney's fees and costs; and

(4) Post-judgment interest on the above in the amount of 0.11% per annum, from the date of the judgment until fully paid.

**THIS IS A FINAL JUDGMENT.**

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the _____ day of October, 2013, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**

11

TAB 6

Case: 13-20674    Document: 00512622488    Page: 40    Date Filed: 05/07/2014
Case 4:12-cv-00817    Document 63-1    Filed in TXSD on 09/25/13    Page 2 of 27
Case 4:12-cv-00817    Document 55    Filed in TXSD on 09/13/13    Page 1 of 13

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **DARLENE ALEXANDER** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **versus** | § | **CIVIL ACTION NO. H-12-817** |
| | § | |
| **SERVISAIR, LLC,** | § | |
| | § | |
| *Defendant.* | § | |

<u>**COURT'S INSTRUCTIONS TO THE JURY**</u>

**Members of the Jury:**

You have heard the evidence in this case.  I will now instruct you on the law that you must

apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the

judges of the facts. Do not consider any statement that I have made in the course of trial or make in

these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the

attorneys are not evidence and are not instructions on the law. They are intended only to assist the

jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should

win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence, unless instructed

otherwise. By this is meant the greater weight and degree of credible evidence before you.  In other

words, a preponderance of the evidence just means the amount of evidence that persuades you that

a claim is more likely so than not so. In determining whether any fact has been proved by a

preponderance of the evidence in the case, you may, unless otherwise instructed, consider the

Case: 13-20674    Document: 00512622488    Page: 41    Date Filed: 05/07/2014
Case 4:12-cv-00817   Document 63-1   Filed in TXSD on 09/25/13   Page 3 of 27
Case 4:12-cv-00817   Document 55   Filed in TXSD on 09/13/13   Page 2 of 13

testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you

2

13-20674.1028

believe that single witness. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## SPECIFIC INSTRUCTIONS

Plaintiff Darlene Alexander is a former employee of Servisair, LLC, in Houston, Texas. Alexander alleges that she was terminated while she was taking medical leave and in retaliation for taking medical leave, in violation of the Family and Medical Leave Act ("FMLA"). Alexander also alleges that she was misclassified as exempt from overtime laws under the Fair Labor Standards Act ("FLSA") and that she was not paid overtime for the hours she worked over 40 hours a week while she was employed as a Payroll Accountant. Servisair asserts that it did not interfere with or discriminate against Alexander for taking FMLA leave, and that she was properly classified as exempt under the FLSA as an administrative employee.

13-20674.1029

Case: 13-20674     Document: 00512622488     Page: 43     Date Filed: 05/07/2014
Case 4:12-cv-00817   Document 63-1   Filed in TXSD on 09/25/13   Page 5 of 27
Case 4:12-cv-00817   Document 55   Filed in TXSD on 09/13/13   Page 4 of 13

Plaintiff claims she was entitled to time off from work under the FMLA, and that Defendant interfered with, restrained, or denied her entitlement to time off. Defendant denies Plaintiff's claims and contends that Plaintiff abandoned her job.

It is unlawful for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided by the FMLA. FMLA rights include requesting or taking leave under the FMLA, having the employer maintain certain employment benefits during leave and, once leave is completed, being restored by the employer to the position of employment the employee held when leave commenced, or to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

An employee is entitled to take up to 12 weeks of leave in any 12-month period because of a serious health condition that makes them unable to perform the functions of their position. A "serious health condition" means an illness, injury, impairment or physical or mental condition that involves either (a) inpatient care in a hospital, hospice, or residential medical care facility, or (b) continuing treatment by a health care provider. A "health care provider" includes a doctor of medicine, doctor of osteopathy, podiatrist, dentist, clinical psychologist, optometrist, nurse practitioner, nurse-midwife, or clinical social worker, so long as the provider is licensed to practice in the State and is performing within the scope of his or her practice.

Plaintiff was required to provide notice to Defendant indicating when she required FMLA leave.  If the need for leave was unforeseeable (i.e., unplanned or unexpected), Plaintiff was required to give Defendant notice as soon as was practicable under the facts and circumstances. Ordinarily, "as soon as practicable" requires an employee to give at least verbal notification within one or two business days after learning of the need for leave, except in extraordinary circumstances

13-20674.1030

where such notice is not feasible. To give Defendant proper notice of her need for FMLA leave, Plaintiff was not required to expressly mention the FMLA in particular. Plaintiff need only have provided Defendant enough information to place it on notice that leave was needed because of her serious health condition.

To prevail in this case, Plaintiff must prove by a preponderance of the evidence that she was entitled to time off from work: (a) because Plaintiff had a "serious health condition" that made her unable to perform the functions of her employment position; (b) Plaintiff gave Defendant the proper notice of the need for time off from work; and (c) Defendant in any way interfered with, restrained, or denied Plaintiff's entitlement to take time off from work.

In this case, it does not matter whether Defendant intended to violate the FMLA. If Defendant denied Plaintiff a right to which she was entitled under the FMLA, then Defendant is liable, and Plaintiff should prevail.

Plaintiff also claims she was discharged by Defendant because she engaged in FMLA-protected activity. Defendant denies Plaintiff's claims and contends that Plaintiff abandoned her job.

It is unlawful for an employer to discriminate or retaliate against an employee for engaging in FMLA-protected activity. FMLA-protected activity includes, but is not limited to, requesting or taking leave, having the employer maintain certain employment benefits during leave, and, once leave is completed, seeking restoration to the position of employment Plaintiff held when leave commenced, or to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

13-20674.1031

To prevail in this case, Plaintiff must prove by a preponderance of the evidence that: (a) she engaged in FMLA-protected activity; (b) Defendant discharged Plaintiff; and (c) Defendant discharged Plaintiff because Plaintiff engaged in FMLA-protected activity. Plaintiff does not have to prove that Plaintiff's FMLA-protected activity is the only reason Defendant discharged Plaintiff. If you disbelieve the reason Defendant has given for its decision, you may infer Defendant discharged Plaintiff because of her FMLA-protected activity.

This case also arises under the Fair Labor Standards Act, which is a federal law that provides for the payment of overtime wages. Plaintiff claims that Defendant did not pay her the legally-required overtime pay.

Plaintiff must prove by a preponderance of the evidence that Defendant failed to pay Plaintiff the overtime pay required by law for all hours worked by Plaintiff in excess of 40 in one or more workweeks.

You must determine the number of hours worked by Plaintiff based on all of the evidence. Defendant is legally required to maintain accurate records of its employees' hours worked. If you find that Defendant failed to maintain records of Plaintiff's hours worked or that the records kept by Defendant are inaccurate, you must accept Plaintiff's estimate of hours worked, unless you find it to be unreasonable.

An employee's "regular rate" is the basis for calculating any overtime pay due the employee. Here, the regular rate is determined by dividing the fixed weekly salary by the actual hours worked each workweek that the employee worked more than 40 hours. The overtime payment for that week is then determined by multiplying all hours worked over 40 in the workweek by ½ the regular rate for that workweek. The amount due Plaintiff is the sum total of each workweek's overtime.

13-20674.1032

Case: 13-20674     Document: 00512622488     Page: 46     Date Filed: 05/07/2014
Case 4:12-cv-00817   Document 63-1   Filed in TXSD on 09/25/13   Page 9 of 27
Case 4:12-cv-00817   Document 55   Filed in TXSD on 09/13/13   Page 8 of 13

The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee. To meet this requirement, the employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment. Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations; government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities.

The phrase "exercise of discretion and independent judgment" involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed. Factors to consider when determining whether the employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments regarding the operations of the business; whether the employee  performs work that affects business operations to a substantial degree; whether  the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the

13-20674.1034

employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources. The exercise of discretion and independent judgment also does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work.

Even if Plaintiff has proven the elements of her FLSA claim, you must return a verdict for Defendant if Defendant proves by a preponderance of the evidence that it is exempt from the overtime pay law under the administrative employee exemption.

## DAMAGES

If you find that Defendant violated the FMLA, then you must determine whether Defendant has caused Plaintiff damages and, if so, you must determine the amount, if any, of those damages. Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Plaintiff need not prove the amount of her losses with mathematical precision, but only with as much certainty and accuracy as the circumstances permit.

9

13-20674.1035

You should consider the following elements of damages under the FMLA, and no others: any wages, salary, employment benefits, or other compensation denied or lost because of Defendant's violation of the FMLA. Wages, salary, and benefits include the amounts the evidence shows Plaintiff would have earned had she remained an employee of Defendant, and includes fringe benefits such as life and health insurance, stock options, contributions to retirement, etc., minus the amounts of earnings and benefits, if any, that is proved by a preponderance of the evidence that Plaintiff received in the interim.

If you find in favor of Plaintiff, you must decide whether Defendant acted in good faith. You must find Defendant acted in good faith if you find by a preponderance of the evidence that, when Defendant terminated Plaintiff, Defendant honestly intended and reasonably believed that its actions complied with the FMLA.

Additionally, if you find that Plaintiff has proved all of the elements of her FLSA claim, and that Defendant failed to establish its claim of exemption from the overtime pay law, then your verdict must be for Plaintiff and you must determine the damages that Plaintiff is entitled to recover.

The measure of damages under the FLSA is the difference between what Plaintiff should have been paid under the law and the amount that you find Defendant actually paid.

You should not interpret the fact that I have given instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win any part of this case. It is your task first to decide whether Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant is liable and that Plaintiff is entitled to recover money from Defendant.

13-20674.1036

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. The lawyers may wish to talk to you after the case is over. You are free to do so or not, as you wish.

You may now retire to the jury room to conduct your deliberations.

**SIGNED** this ____ day of September, 2013.

VANESSA D. GILMORE
**UNITED STATES DISTRICT JUDGE**

12

TAB 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **DARLENE ALEXANDER** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| versus | § | **CIVIL ACTION NO. H-12-817** |
| | § | |
| **SERVISAIR, LLC,** | § | |
| | § | |
| *Defendant.* | § | |

**O R D E R**

Pending before the Court is the Plaintiff's Supplemental Post Trial Motion to Add Application for Attorney's fees and Costs **(Instrument No. 64)** requested in accordance with the methodology outlined by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (en banc). Defendant objects to this motion as untimely because it was not filed within ten days of the conclusion of the trial. While it is accurate that the Plaintiff did not include a request for attorney's fees in their timely post trial motion, the Court feels that it must take some responsibility for failing to clearly indicate that it was the Court's intent that any post-trial motion include a request for attorney's fees. In looking back at the Court's instruction at the end of trial, it appears that it may have been slightly ambiguous, and as a result, the Court accepts the Supplemental Post Trial Motion for Attorney Fees and Costs as timely.

In evaluating the request for attorney's fees, first it must be clear that the Plaintiff is the prevailing party, for in order to be eligible for a fee award, the Plaintiff must have prevailed on a significant claim that directly benefits the Plaintiff. *Farrar v. Hobby,* 506 U.S. 103, *113 S.Ct. 566 (1992).* It is not necessary, however, that Plaintiff prevail on the "central issue" of the case to be

considered the prevailing party. *Texas State Teachers Ass'n v. Garland Ind. Sch. Dist.,* 489 U.S. 782, 791, 109 S.Ct. 1486 (1989).

In this case, the jury found that Defendant denied, restrained, or interfered with Plaintiff's right to leave under the FMLA, or her attempt to exercise her right to leave under the FMLA. Additionally, the jury found that the Defendant lacked good faith in its dealings with Plaintiff on the FMLA. The jury also found against the Plaintiff on her claim that she was discharged because she took or requested leave under the FMLA and that she was exempt from overtime pay under the FLSA. Accordingly, while the Plaintiff prevailed on one of her claims and the jury determined that the Defendant did not act in good faith, she was not the prevailing party on two of the claims asserted in this lawsuit. Therefore, the claim for attorney's fees must take into consideration the fact that the Plaintiff had an incomplete victory.

Next we must turn to the methodology required to calculate the appropriate attorneys' fee. The lodestar approach conceived in *Johnson* is favored generally because it lends a degree of objectivity and certainty to the assessment of fees. *Resolution Trust Corp. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149-50 (11th Cir. 1993). The basis of lodestar accounting involves multiplying the number of hours reasonably expended by the applicable hourly market rate for legal services. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933 (1983). In addition, the Fifth Circuit requires an analysis of the "*Johnson* factors" in each case before fees can be calculated. *See, e.g., Nisby v. Court of Jefferson Cty.,* 798 F.2d 134, 137 (5th Cir. 1986) (reversing award because court did not address "applicability of each of the *Johnson* factors").

The "*Johnson* factors" include (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6)

2

whether fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and result obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the clients; and (12) awards in similar cases. These factors may bear on the market rate or on whether the hours were reasonably spent and may be a basis for adjusting the lodestar. *Hensley at* 434.

Utilizing these factors, the Court may make downward adjustments, e.g. for incomplete success; *see Pressley v. Haeger,* 977 F.2d 295, 298 (7th Cir. 1992) (prohibiting an award of fees on losing claims) and in rare cases, upward adjustments, e.g. based on exceptional results; *see Shipes v. Trinity Industries,* 987 F.2d 311, 322 (5th Cir. 1993). A failure to consider the *Johnson* factors constitutes an abuse of discretion. *Riddell v. National Democratic* Party, 712 F.2d 165 (5th Cir. 1983).

Fed. R. Civ. P. 54(d)(2)(A) provides that claims for attorneys' fees are to be made by motion unless such fees are an element of damages that have been proved at trial. In this case Plaintiff has filed a motion for award of attorney's fees in accordance with the Court' order.

Plaintiff presented evidence that in this case the jury found for the Plaintiff on her primary claim under the FMLA and that very little time had actually been devoted to her FLSA claim. Counsel has represented the Plaintiff since July 11, 2011, almost immediately after her termination. Moreover, Plaintiff alleges that she is entitled to seek an award of attorneys fees regardless of the moun tof damages awarded by the jury. Finally, Plaintiff provided detailed information on the number of hours  expended, the work completed, the hourly billing rate and information on each counsel who worked on this case.

3

Defendant counters that the motion is untimely. That issue has been addressed above. Defendant denies that the Plaintiff is the prevailing party in this case, despite the fact that the jury found that Defendant violated the FMLA and did so in bad faith. Finally, Defendant alleges that the Plaintiff is not entitled to attorney's fees because she did not prove a compensable injury. For the reasons outlined in the Court's final judgment, this Court disagrees with this assertion.

Applying the *Johnson* factors to the claims in this case, the Court finds that the Plaintiff kept detailed, contemporaneous accounts of the time and expenses devoted to the preparation and trial of this case. The services for which Plaintiff's counsel seeks compensation were performed with a high level of skill and were reasonable and necessary for the preparation and trial of plaintiff's case. The Court further finds that the hourly rates billed by the firm were significantly lower than the hourly rate that are customary for work of comparable quality in the Houston legal community and accordingly finds that they are very reasonable. The Court also finds the expenses incurred by Plaintiff's counsel to have been reasonable and necessary for the preparation and trial of this case. In addition to the foregoing considerations relating to reasonable and necessary professional services, levels of skill, and customary billing rates, the Court has analyzed the remaining lodestar factors outlined in *Johnson*. The Court finds that the affidavits of the Plaintiff's counsel support the award of fees in that the services were compensable under the law, and that the results obtained were favorable to the Plaintiff and were preferable to any compromise proposed prior to trial and that the preoccupation with this case precluded involvement by all attorneys concerned with other business.

The Court notes that the Plaintiff made several deductions in the hours submitted to account for an incomplete victory for the Plaintiff. The Court does not believe sufficient time was deducted

13-20674.1117

and has calculated the time of Mr. Petrou for the claims on which the Plaintiff prevailed at 276.30 hours.

Based on the Court's findings as outlined above, no lodestar multiplier or other adjustment appears warranted in this case. Accordingly, pursuant to the applicable law, the Court finds that the following fees, hours and expenses form a reasonable basis for an award of fees and costs for preparation and trial of this case:

| Timekeeper | Task | Hours | Rate | Total |
|---|---|---|---|---|
| Steven E. Petrou | Lead Counsel | 276.30 | $300 | $82,890 |
| Stanley P. Santire | Co-Counsel | 27.75 | $300 | 8,325 |
| | | | | |
| **Expenses** | | | | |
| Filing fees, copies etc. | | | | $513.75 |
| | | | | |
| | | | | |
| **TOTAL** | | | | $91,728.75 |

ACCORDINGLY, it is ORDERED that Plaintiff recover from Defendant their legal fees and costs incurred in the preparation and trial of this case in the amount of $91,728.75.

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the 9th day of October, 2013, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**

5

TAB 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DARLENE ALEXANDER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs** | § | **Civil Action No. 4:12-CV-817** |
| | § | |
| | § | |
| **SERVISAIR, LLC** | § | |
| | § | |
| **Defendant.** | § | |

**JURY NOTE NO.** 1

When ~~this~~ Darlene contacted the Reid group,
was ~~the~~ Reid group acting as Serviceair representative
as per contract between Reid and Servicair?
i.e. at the time she filed FMLA request, was
she essentially notifying Servicair that she
had requested FMLA

IGNORE

Can an individual be fired if they have requested
FMLA, but it has not yet been approved?

Date: SEPP. 13, 2013

**FOREPERSON**

13-20674.968

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **DARLENE ALEXANDER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs** | § | **Civil Action No. H-12-CV-817** |
| | § | |
| | § | |
| **SERVISAIR, LLC** | § | |
| | § | |
| **Defendant.** | § | |

**COURT'S RESPONSE TO JURY NOTE NO.** ___1___

See the Court's instructions on
the bottom of page 5 (last paragraph)
and top of page 6 (first paragraph)

**Date:** 9-13-13

**VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE**

TAB 9



May 18, 2011

**COPY**

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
·And First Class Mail

Darlene Y. Alexander
11902 Chetman Drive
Houston, TX 77065

Re:    **Notice of Change in Employment Relationship**

Dear Darlene:

This letter is to confirm the status of your continued employment with the Company, Servisair LLC (hereinafter "Servisair" or the "Company"). According to our records, you have been absent without approval from your position since May 13, 2011, and in violation of the Company's Code of Conduct Rules and Regulations, in particular section 2.17 which states: "*absence from duty for any two (2) consecutive days or as otherwise specified by the applicable collective bargaining agreement (No Call / No Show) except where failure to give advance notice is beyond the employees control.*"

Darlene, we have not heard from you since Thursday, May 12, 2011. For this reason, your employment with Servisair is considered to be voluntarily terminated effective May 17, 2011. We have enclosed your last and final payroll check to include any vacation balance payout.

You must immediately surrender all Company property (including, but not limited to: uniforms, Company keys (e.g., office, facilities, desk, file cabinets, and jet way), Company as well as airport authority and government agency identification badges with affixed seals and holograms, and the like. Any other Company property that you have in your possession, off Company premises, must be returned to my attention within twenty-four (24) hours.

If you desire to reapply for a position with Servisair, in the future you are welcome to do so.

If you have any questions, please contact John Guest at 281.260.3913 so we can better assist any questions you may have.

Sincerely,

Sandra Rayo
Payroll & Benefits Manager

Cc:    HR Manager
       HRIS/Payroll
       Personnel File
       General Counsel

Darlene Alexander v. Servisair, LLC
Civil Action No. 4:12-cv-00817
**Defendant's Exhibit 1**

TAB 10

| Policy Name:<br>Family and Medical Leave Policy | Page:<br>13 of 21 | Date of Issue:<br>01 - 09 |
|---|---|---|

## 4.   PROCEDURES FOR REQUESTING LEAVE

4.1 An employee is expected to promptly notify his/her supervisor as soon as the need for FML is learned.  If the need for FML is not foreseeable, an employee must give notice as soon as possible and practicable, given the circumstances of the particular case.  As soon as practicable means as soon as both possible and practical, taking into account all of the facts and circumstances in the individual case.  When an employee becomes aware of a need for FMLA leave less than 30 days in advance, it should be practicable for the employee to provide notice of the need for leave either the same day or the next business day.  Employees are expected to comply with the Company's normal call in procedures for absences, unless it is not feasible to do so.

4.2 An employee requesting FML is required to contact the Human Resources Department or its designee.  The Reed Group has currently been designated by the Human Resources department to administer the FML policy, and can be reached at **866-889-4447**.  Upon receipt of a request for FMLA leave, the Reed Group will mail the appropriate paperwork to the employee's home address. When an employee requests FMLA leave, the Reed Group (or other designee of the employer) will notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances.

4.3 If the need for FMLA leave is **foreseeable** (e.g. birth or placement of a child for adoption or foster care, or for planned medical treatment), the **employee must provide 30 days advance notice** to the employee's supervisor and the local Human Resources Representative. **FMLA leave may be denied** unless there is reasonable excuse for the delay. If leave is denied for lack of notice, the employee may request FMLA leave to start 30 days notice is given.  For foreseeable leave due to a qualifying exigency notice must be provided as soon as practicable, regardless of how far in advance such leave is foreseeable.

4.4   If the approximate time of the need for leave is not foreseeable, an employee must provide notice to the employer as soon as practical under the facts and circumstances of the particular case. It generally should be practicable for the employee to provide notice of leave that is unforeseeable within the time prescribed by the employer's usual and customary notice requirements applicable to such leave. In the case of a medical emergency, the employee or a family member should contact the employee's supervisor.   If the employee's supervisor is not available, the employee or family member should call the Employee Benefits Section- Human Resources Department at 281-260-3946. Requests for leave in an emergency situation should then be submitted in writing as soon as practicable.  Absent good cause or medical emergencies, written requests for leave should be submitted two (2) business days after verbal

1.12    Failure to follow Company dress code or grooming standards.

1.13    Performing personal business on Company time or using Company equipment to perform such.

1.14    Contributing to unsanitary conditions or poor housekeeping in restrooms, employee break rooms, locker rooms, Company/customer-provided equipment or property.

1.15    Use of Company telephones for personal calls or the use of pay phones during working hours without permission.

1.16    Use of profanity or abrasive language or conduct toward a fellow employee, customer, passenger, or Company management personnel.

1.17    Loitering at ticket counters, airline offices or terminal areas while wearing or displaying the Company's uniform.

1.18    Exhibiting rude, discourteous or belligerent behavior toward a customer or passenger.

1.19    Abusing, misusing destroying or damaging any Company property, or the property of another employee, customer or passenger.

1.20    Failure to abide by and maintain all rules and regulations of the Company, customers and/or the local airport or terminal authorities.

2.0    In addition to repeated violations of items listed in Section 1.0, any violation or non-compliance with any of the items in this section may be cause for further disciplinary action including suspension or immediate termination upon their occurrence without further notice or warning.  This is not an all-inclusive list and there may be other situations not specifically itemized below that will prompt the Company to take immediate action such as termination or suspension.

2.1    Physical fighting with or engaging in an assault upon another person, whether provoked or unprovoked, while at work, on Company property or on airport/terminal property.

2.2    Insubordination, including refusal or intentional failure to perform assigned work, or gross disrespect toward supervisors, managers or other persons in authority.

2.3    Harassment of employees, customers or vendors including sexual harassment or harassment on the basis of race, national origin, age, religion, handicap, gender, sexual orientation, etc.

2.4    Threatening, intimidating or coercing others on Company premises at any time including lunch and rest periods.

2.5    Theft of or willfully damaging property of the Company, employees, customers or vendors.

2.6   Use or possession of alcohol or controlled substances while on duty or on Company property, or reporting for work under the influence of alcohol or controlled substance(s) or testing positive for drugs or alcohol in a test administered pursuant to Company policies regarding post-accident, reasonable suspicion or random testing as defined in the Drug-Free Workplace Policy or the refusal to submit to such test(s) as required.

2.7   Falsifying any Company record(s), report(s) or document(s), including, but not limited to, personnel forms physical exams, employment records, application forms, production reports, Trip Cards, checklists, etc.

2.8   Using Company letterhead to issue correspondence on behalf of another employee, as a reference, or any other time without proper written authorization.

2.9   Knowingly punching, completing or entering any information whatsoever on another employee's time card or sheet or document used as the time record or swiping/possessing another employee's KRONOS card.

2.10  Using personal cell phones during working hours, while performing duties, and during any times that are not authorized breaks or lunch periods.

2.11  Unauthorized use of or negligence in the use of Company vehicles, equipment, supplies or facilities, whether or not such conduct results in damage to property or injury to other persons.

2.12  Possession of any weapon *(except Florida - see FL Firearms Policy)* (including a weapon for which an employee holds a license) while on duty, or on any Company property, airport or terminal property.

2.13  Offering or receiving money or other compensation in exchange for a job assignment, alternate working place or any other advantage in working conditions.

2.14  Violation of any federal, state or local law or ordinance affecting the Company.

2.15  Falsifying requests or certifications for jury duty, bereavement leave, medical leave or return to work.

2.16  Conviction of any crime that may reflect on the employee's reliability, trustworthiness or ability to perform work in security areas as required.

2.17  Absence from duty for any two (2) consecutive days or as otherwise specified by the applicable Collective Bargaining Agreement (No call/No show) except where failure to give advance notice is beyond the employee's control.

2.18  Failure to return to work at the end of any authorized vacation, medical leave of absence for work related or non-work related injury or illness, other leaves of absence or other scheduled times off duty.

2.19  Sleeping on duty.

2.20  Unauthorized removal of or tampering with Company-provided safety device(s).

TAB 11

**Servisair**
## Workplace Ethics and Compliance Guide Acknowledgment Form

**A MESSAGE FROM THE EXECUTIVE VICE PRESIDENT OF SERVISAIR:**

Ethical behavior and informed compliance with applicable laws and regulations are appropriately the concern of every Servisair employee, whatever your job title, assignment, length of service, or sphere of influence. The attached information is provided to you as a minimal guideline for the expectations Servisair has regarding ethics and compliance issues. There may be additional expectations depending on your role and specific responsibilities. Please take the time now to review the attached information and sign the acknowledgement below, and retain the above pages for your reference.

Managers and supervisors are expected to use this information annually as a reference to discuss ethical and compliance information during staff meetings and the like.

All supervisors and managers are encouraged to discuss specific questions regarding ethics and compliance issues with their immediate supervisor or next level manager, or with any of the offices listed below.

Cordially,

Randall P. Davies
Executive Vice President U.S.

**I HEREBY ACKNOWLEDGE AND AGREE THAT:**

1. I have received a copy of the Servisair Workplace Compliance Guide ("Guide") and have read it.
2. I am responsible and accountable for conducting my daily work activities in accord with the expectations presented in this Guide.
3. I will obey all laws and regulations, and I will follow the policies and procedures of Servisair.
4. I will complete my work duties in an honest and professional manner.
5. I will report any suspected violations to the offices specified in this Guide.
6. I acknowledge that violations of this Guide will subject me to disciplinary action up to and including termination, and
7. This original acknowledgment will be placed in my personnel file and maintained by my department.

| Employee Signature | Date 10/8/09 | Employee Name (printed) Darlene Alexander |
| Supervisor Signature | Date 10/7/2009 | Supervisor Name (printed) Craig Allen |

**ONCE YOU HAVE READ THIS WORKPLACE ETHICS AND COMPLIANCE GUIDE AND HAVE SIGNED YOUR NAME ABOVE, PLEASE RETURN THIS SHEET TO YOUR SUPERVISOR FOR SIGNATURE AND FILING.**

**PLEASE KEEP YOUR COPY OF THIS GUIDE FOR REFERENCE, AND ASK FOR HELP FROM ANY OF THE OFFICES LISTED BELOW.**

| Human Resources U.S. | (281) 260-3921 |
| Legal Department | (281) 260-3913 |
| Risk Management | (281) 260-3914 |
| IT Department | (281) 260-3955 |

Darlene Alexander v. Servisair, LLC
Civil Action No. 4:12-cv-00817
**Defendant's Exhibit 3**

TAB 12

Acevedo - Cross by Mr. Robinson

1  me that, in fact, the decision to terminate had already been
2  made before you informed them or they were aware of the FMLA
3  pending?
4  A.  They knew it was pending when they went forward with the
5  decision to terminate.
6  Q.  Okay.  So they had already made the decision to terminate.
7  They just hadn't finalized it, is what you're saying, when
8  they -- when you say they finalized the FMLA opinion?
9  A.  Right.
10 Q.  All right.  And during this day that this was going on --
11 so you understand that the letter that went to Ms. Alexander
12 was dated May 18th --
13 A.  That is correct.
14 Q.  -- is that correct?
15        And it was effective May 17th, correct?
16 A.  Correct.
17 Q.  Would you have reason to doubt if I said it was May 17th
18 when they actually made the decision to terminate?
19 A.  I would say their decision to terminate was prior to all of
20 that --
21 Q.  Okay.
22 A.  -- prior to her -- to them even identifying whether she had
23 applied or not for FMLA.
24 Q.  Okay.  So do you have any opinion as to why they were
25 actually wanting to terminate her employment?

Acevedo - Cross by Mr. Robinson

1  *Q.*  Okay.  Now, this letter is the letter dated March 18th,

2  2011, and that is the letter that you drafted, correct?

3  *A.*  Correct.

4  *Q.*  Okay.  So then let's look down to the first paragraph, and

5  could you read that sentence where it starts with "in

6  particular"?

7  *A.*  "In particular, Section 2.17 which states:  Absence from

8  duty for any two consecutive days or as otherwise specified by

9  the applicable collective bargaining agreement, no call/no

10  show, except where failure to give advance notice is beyond the

11  employee's control."

12  *Q.*  So you understand that this is the job abandonment

13  section where they -- that basically where they terminated

14  Ms. Alexander, correct?

15  *A.*  Correct.

16  *Q.*  Okay.  And you understand the reason they terminated her is

17  because she had two consecutive days of absence where she did

18  not call in or show up for work?

19  *A.*  That's what the letter states, yes.

20  *Q.*  And that's what they told you when you were preparing

21  this -- when you were preparing this, correct?

22  *A.*  Correct.

23  *Q.*  That that was the reason that they were going to terminate

24  her?

25  *A.*  Uh-huh.  Correct.

Alexander - Cross by Mr. Robinson

1  last sentence, can you read that?

2  A.  "Employees are expected to comply with the company's normal

3  call-in procedures for absences, unless it is not feasible to

4  do so."

5  Q.  Okay.  And you're not claiming here today that it was

6  impossible or not feasible for you to call in, correct?

7  A.  No, I did not claim that.

8  Q.  Okay.  So you would agree that the company's policies would

9  require that you call in, at least follow the company's normal

10  call-in procedures for absences?

11  A.  I'm sorry.  Can you restate that?

12  Q.  You would agree that the policy requires that you follow

13  the company's normal call-in procedures for absences while you

14  were on FMLA?

15  A.  I'm sorry.  Can you repeat?  I'm not understanding your

16  question.

17  Q.  Okay.  This is the FMLA policy, correct?

18  A.  Okay.  By Servisair.  Okay.

19  Q.  And in that policy, your attorney pointed out 4.1, and yet

20  in the last sentence of that policy, it states that you, as an

21  employee, are required to comply with the company's normal

22  call-in procedures for absences.  So the policy requires it,

23  correct?

24  A.  That is correct.

25  Q.  In your situation the policy required that, correct?

Alexander - Cross by Mr. Robinson

1    A.  That is correct, and I called in.

2         THE COURT:  Where is the call-in procedure policy?

3    Pull that up for us, please.  What policy are we talking about?

4    Let's pull that up and look at it.

5         MR. ROBINSON:  Yes, Your Honor.  I've got to go to the

6    defendant's exhibit.

7         THE COURT:  All right.

8         MR. ROBINSON:  It's Exhibit No. 2.  And it's at 2.17

9    in that exhibit.

10   BY MR. ROBINSON:

11   Q.  Now you see that, Ms. Alexander?

12        THE COURT:  It's too far down.  Oh, there it is.

13   BY MR. ROBINSON:

14   Q.  2.17.  Can you read that?

15   A.  "Absence from duty of -- duty for any two consecutive days

16   or as otherwise specified by the applicable collective

17   bargaining agreement, no call/no show, except where failure to

18   give advance notice is beyond the employee's control."

19        MR. ROBINSON:  And will you scroll up enough so we can

20   see what the context of this is, to the page before that, so we

21   can see what's at the end of the first page.  Okay.  Stop.

22   BY MR. ROBINSON:

23   Q.  Do you see where it -- this is where we're talking about in

24   addition to repeated violations.  Can you read that, on the

25   last sentence?

Alexander - Cross by Mr. Robinson

1      MR. ROBINSON:  But it said absence in a no call/no
2  show situation.
3      THE COURT:  All right.  But you're not -- you haven't
4  pointed out -- us to any policy that says call every two days,
5  have you?
6      MR. ROBINSON:  I never stated that that was a
7  policy --
8      THE COURT:  Okay.
9      MR. ROBINSON:  -- calling every two days.
10      THE COURT:  All right.
11  BY MR. ROBINSON:
12  Q.  So two no call/no shows is a terminable offense under the
13  policy.  Now, you agree, Ms. Alexander, that you were not on
14  FMLA, correct?
15  A.  I had applied for FMLA.
16  Q.  Okay.  So just for clarification, you understand that once
17  you're approved for FMLA, you're required to call in every 30
18  days after that, correct?
19  A.  After approved.  I had not been approved.  My status was
20  pending that day.
21  Q.  Correct.
22  A.  I had applied.
23  Q.  Thank you.  Now, let's go back to Defendant's Exhibit
24  No. 24.  Now, over the weekend, how did you feel, the 14th,
25  15th?

Alexander - Cross by Mr. Robinson

1   but --

2   Q.  Yeah.  But on the 13th forward, you didn't speak to anyone

3   on the job, correct?

4   A.  No, no one contacted me and I didn't contact anyone.

5   Q.  All right.  Let's look at -- we're going to go to

6   Defendant's Exhibit No. 23.  Defendant's Exhibit No. 23, and at

7   the very bottom of those documents, there is a Bates number and

8   it says 27, look at that.  I believe it's -- at the bottom also

9   it's entitled page 8 of 22.

10  A.  What section is that?

11  Q.  The Bates number is -- on the bottom of the document says

12  27 -- 0027.  And I represent to you these are the Reed Group

13  records.

14  A.  Okay.

15  Q.  Okay.  Now, look at the very top of that document, you'll

16  see "events."  Okay?  Underneath that you'll see "date due,

17  date completed."  Do you see those two?  The very top --

18  A.  Date due -- okay.

19  Q.  -- it says "date due" and then it says next to it, to the

20  right, "date completed"?

21  A.  Okay.

22  Q.  And then it says "type" and "case manager."  Do you see

23  those?

24  A.  Yes, I do.

25  Q.  Now, date completed and date due, do you see it falls down,

VIDEOTAPED DEPOSITION OF SHERYSSE MORRIS

1  learned"; correct?

2      A.  Correct.

3      Q.  Now, in this situation, did Miss Alexander do

4  that?

5      A.  Not to my knowledge.

6      Q.  Okay.

7          MR. PETROU:  Wait.  Objection, hearsay.

8      Q.  Now, let's look down to the last sentence of

9  this.  It states, that same paragraph, "Employees are

10 expected to comply with the Company's normal call in

11 procedures for absences, unless it is not foreseeable

12 (sic) to do so."  Did Miss Alexander comply with your

13 company's normal call-in procedures for absences during

14 her leave time?

15     A.  No, she did not.

16         MR. PETROU:  Again, objection, hearsay.

17     Q.  Okay.  And what do your normal call-in

18 procedures require?

19     A.  They -- they are required to call in to their

20 manager first thing in the morning before their shift

21 starts --

22     Q.  Okay.

23     A.  -- before their day starts.

24     Q.  And are they required to do that every day?

25     A.  Every day.

VIDEOTAPED DEPOSITION OF SHERYSSE MORRIS

1    Q.  Okay.  And -- and if they don't do it, how many

2  days does the policy state before they are considered to

3  have abandoned their job?

4    A.  Three days.  Three consecutive days.

5    Q.  Okay.  And did Miss Alexander fail to do that

6  for three consecutive days?

7    A.  Yes, she did.

8    Q.  And so why was she terminated?

9    A.  Failure to call in three consecutive days in a

10  row.

11    Q.  Okay.  Was she terminated for job abandonment?

12    A.  Yes.

13    Q.  Now, when -- at what point did you find -- or

14  did you ever find out why plaintiff -- excuse me, why

15  Miss Alexander was actually absent during that time, why

16  she was out?

17    A.  I didn't find out until I returned from Paris.

18    Q.  Okay.  Well, I don't mean in the sense of she

19  had -- had supposedly been on FMLA --

20    A.  Mm-hmm.

21    Q.  -- or sought it.  I mean, do you know what was

22  wrong with her?

23    A.  No, I didn't know what was wrong with her.

24    Q.  Okay.  Do you to this day know what was wrong

25  with her?

Rayo - Direct by Mr. Robinson

1   A.  -- I believe.

2   Q.  Let's go to Defense Exhibit No. 1.  Can you see that

3   document?

4   A.  Yes.

5   Q.  Tell me what that is.  Do you know what that is?

6   A.  Yeah, that was the letter informing her of termination.

7   Q.  Okay.  And did you prepare that document?

8   A.  No.  It was Irene Acevedo.  She would help in preparing

9   documents --

10  Q.  Okay.

11  A.  -- for managers.

12  Q.  Do you know what day she prepared this document?

13  A.  I thought it was on Wednesday --

14  Q.  Okay.

15  A.  -- the 18th.

16  Q.  Now, the document itself states that she -- it cites a

17  particular section, Section 2.17, as the basis for the

18  separation of her employment.  Is that why her employment was

19  separated; is that correct?

20  A.  Yes, that was the day we discussed it.  And it was the

21  third day with no show/no call.

22  Q.  And was Ms. Alexander terminated in accordance with

23  Servisair's policies and procedures?

24  A.  I'm sorry?

25  Q.  Was Ms. Alexander terminated in accordance with Servisair's

Rayo - Direct by Mr. Robinson

1   policies and procedures at that time?

2   A.  Yes.  An employee needs to continue to call until her FMLA

3   has been approved, and she did not follow that procedure.

4   Q.  Okay.  Let's go to Defendant's Exhibit No. 5, and this will

5   be page 13 of 21.  Now, do you see that document?

6   A.  Uh-huh.  Yes.

7   Q.  All right.  Now, tell me what this is.

8   A.  It's the FMLA policy, company policy.

9   Q.  And let's look at Section 4.1 there, the last line.  Is

10  this what you're referring to in terms of her call-in

11  requirement?  Can you read that line?

12  A.  "Employees are expected to comply with the company's normal

13  call-in procedures for absences, unless it is not feasible to

14  do so."

15       THE COURT:  What's the company's normal call-in

16  procedure?

17       THE WITNESS:  They're supposed to call -- continue

18  calling until their FMLA is approved and notify --

19       THE COURT:  Where does it say that in your policy?

20  Show me where it says it in the policy, that they must continue

21  to call until their FMLA is approved.  Because nobody has shown

22  it to us yet.  Show me where it is in the policy.  Tell me what

23  section it's in --

24       THE WITNESS:  Oh, I --

25       THE COURT:  -- where it says you must continue to call